IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BROWN** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | **NO. 07-0192** |
| **Defendants** | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
### CITY OF PHILADELPHIA AND POLICE OFFICER MURPHY

Defendants, City of Philadelphia and Police Officer Murphy, by and through the undersigned counsel, Craig M. Straw, Deputy City Solicitor, hereby file their Answer and Affirmative Defenses to the Plaintiff's Complaint, and aver as follows:

1. The allegations in this paragraph pertain to parties other than answering Defendants, and therefore require no response.

2. Admitted.

3. Admitted. Further, it is admitted that Police Officer Murphy's Badge No. is 8708.

4. Denied. Regarding "Police Officer Doe"", it is averred that any and all allegations directed to Doe and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

5. Denied. Regarding "Police Officer Roe"", it is averred that any and all allegations directed to Doe and/or other members of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

6. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

7. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

## COUNT I
## ASSAULT AND BATTERY

8. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 7 inclusive as though the same were set forth at length hereinafter.

9. Denied. Strict proof demanded.

10. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

11. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

12. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, and strict proof is demanded at the time of trial.

13. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, and strict proof is demanded at the time of trial.

## COUNT II
## FALSE IMPRISONMENT

14. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 13 inclusive as though the same were set forth at length hereinafter.

15. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

16. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

17. Denied. Strict proof demanded.

18. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

19. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

20. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

## COUNT III
## CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND §1988

21. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 20 inclusive as though the same were set forth at length hereinafter.

22. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, and strict proof is demanded at the time of trial.

23. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, and strict proof is demanded at the time of trial.

24. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

25. Denied. The allegations in this paragraph and its subparts (A) through (D) constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

26. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

27. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent any allegations are directed toward Answering Defendants and require a response, the allegations in this paragraph are denied.

**WHEREFORE**, answering Defendants deny that they are liable on the cause of action declared upon and demand judgment in their favor, plus interest and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering defendants assert all the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act," and aver that plaintiff's remedies are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa C.S.A. § 8541 et. seq.

### THIRD AFFIRMATIVE DEFENSE

Answering defendants are immune from liability under the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants did not deprive the Plaintiff of any rights owing to him under the laws of the United States of America or the Commonwealth of Pennsylvania.

### SIXTH AFFIRMATIVE DEFENSE

It is averred that at all times concerned with this litigation, the answering Defendants acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

### SEVENTH AFFIRMATIVE DEFENSE

It is further averred that if Plaintiff sustained injuries and damages as alleged in the Complaint, it was do solely to his own negligence, carelessness and reckless disregard for the rights of others and himself.

### EIGHTH AFFIRMATIVE DEFENSE

It is further averred that if Plaintiff sustained injuries and damages as alleged in the Complaint, it was do solely to the fact that he violated Federal Statutes, State Statutes and/or city ordinances.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings and damages, if any, were caused by decedent's own willful and malicious misconduct.

### TENTH AFFIRMATIVE DEFENSE

At all times material hereto, the answering Defendant police officer's actions were consistent with the laws, rules, regulations, statutes and the constitution of the United States and the Commonwealth of Pennsylvania.

**WHEREFORE**, answering Defendants deny that they are liable upon all of the causes of action declared upon, and demand judgment in their favor plus interests and costs.

                                                City of Philadelphia Law Department

                                                _CS963_____
Craig M. Straw
Divisional Deputy City Solicitor
Attorney ID # 78212
Law Department-Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447

DATED:      February 7, 2007

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BROWN** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| vs. | : | |
| **CITY OF PHILADELPHIA et al.** | : | NO. 07-0192 |
| **Defendants** | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the Answer with Affirmative Defenses of Defendants City of Philadelphia and Philadelphia Police Officer Murphy to be filed with the Court, via ECF, which is available for viewing and downloading, and served upon the following, via first class mail, postage prepaid:

>Brian P. Pincus, Esquire
>1617 J.F.K. Blvd.
>Suite 1150
>Philadelphia, PA 19103

By: ___CS963_____
Craig M. Straw
Divisional Deputy City Solicitor

DATED:____February 7, 2007____